**STATE ex rel. COMBS et al. v. MEACHEM, Sup't of Public Instruction, Custer County.**

No. 8656.    Opinion Filed April 10, 1917.

Rehearing Denied May 15, 1917.

(164 Pac. 971.)

(Syllabus by the Court.)

**Mandamus—Appointment of Member and Clerk of School District.**

School district No. 67, lying partly in B. and partly in C. counties, was joined by the action of the superintendents of public instruction of said counties, upon petition by sufficient number of freeholders in said counties, to school district No. 11, C. county. Thereafter said district was known as joint district No. 11, C. county. No appeal was taken from the action of the superintendents, as provided by law. The officers of school district No. 11 as it formerly existed were retained as officers of school district No. 11 joint. In a suit in mandamus by plaintiffs to compel the superintendent of public instruction of C. county to appoint a member and clerk of school district No. 11 as it formerly existed, held, that for failure of plain-

tiffs to appeal from the action of said superintendents in combining said districts into district No. 11 joint, mandamus will not lie.

Error from District Court, Custer County; Thos. A. Edwards, Judge.

Petition by the State of Oklahoma, on relation of E. B. Combs and others, for a writ of mandamus against George A. Meachem, Jr., Superintendent of Public Instruction of Custer County. Demurrer to the evidence sustained, and petition denied, and plaintiffs bring error. Affirmed.

Geo. T. Webster, for plaintiffs in error.

A. E. Darnell, Co. Atty., for defendant in error.

TURNER, J. On September 6, 1916, the state of Oklahoma, on relation of E. B. Combs, N. C. Hershberger, and Elmer Willert, filed its petition in the district court of Custer county for writ of mandamus against Geo. A. Meachem, Jr., superintendent of public instruction of Custer county, to compel him to immediately appoint a member and a clerk of school district No. 11 in said county, and to notify them of such appointment. The case was submitted to the judge at chambers, and tried upon the following agreed statement of facts:

"District No. 11 herein refers to that school district which it is claimed by defendant was joined to district No. 67 joint. District No. 11 joint refers to the territory and school district created by the joining of districts Nos. 11 and 67 joint.

"First. That plaintiffs are voters, taxpayers, patrons, and residents of what was known prior to April 25, 1916, as district No. 11, described in plaintiffs' petition.

"Second. That Geo. A. Meachem, Jr., and Daisy M. Pratt are superintendents of public instruction of Custer and Blaine counties, respectively.

"Third. That E. B. Combs was duly appointed to the office of director of school district No. 11, in September, 1914, and duly qualified and is now such director of district No. 11 joint, is nonexistent.

"Fourth. That H. Kippenberger was appointed to fill the vacancy caused by the removal of McDill Giles from the county, and when joint district No. 11 was created said H. Kippenberger refused to act as clerk of said district No. 11, and now refuses to act, all of which is known to defendant, who is ratifying the acts of said Kippenberger in refusing to act as said clerk of district No. 11, and no clerk has been appointed.

"Fifth. That D. M. Hooper was duly appointed to the office of member of said district No. 11 and is now claiming to hold over as the member of district No. 11 joint, and

refuses to act as member of district No. 11 referred to in plaintiffs' petition.

"Sixth. That defendant has been advised by plaintiffs, and knows of his own knowledge, that H. Kippenberger and D. M. Hooper refuse to act as clerk and member, respectively, of said district No. 11, and he has refused to appoint any suitable person to succeed him.

"Seventh. That said school district No. 11, if such exists, has about 62 students of school age, and has a schoolhouse and has maintained a school therein each year for many years, and has no funds on hand to maintain a school.

"Eighth. That the excise board of Custer county has heretofore convened and adjourned, and is still in existence, not having adjourned sine die.

"Ninth. That no estimate has as yet been submitted by the board of school district No. 11.

"Tenth. That Exhibit A, attached to plaintiffs' petition, is a copy of the records relating to the organization of joint district No. 11 from districts Nos. 11 and 67 joint.

"Eleventh. That defendant and Daisy M. Pratt conducted all communications relative to the organization of district No. 11 joint over the phone."

In addition to said agreed facts, attached to the petition as exhibits, are the proceedings of the county superintendents of said counties, showing the proceedings taken by them for the purpose of combining these districts into district No. 11 joint. By these proceedings, it is shown that a petition was filed with the said superintendents signed by more than one-half of the taxpayers of each of said school districts, asking that school district No. 67 joint, which was partly in Blaine county, be attached to said school district No. 11, Custer county; said consolidation to be known as district No. 11 joint. On March 30, 1916, notice was given by the county superintendent of Custer county that a hearing would be had on said petitions on April 25, 1916. On April 26th, notice was given that at said hearing said district No. 67 joint was attached to district No. 11, and said district No. 67 was abolished; said notice reciting that if no appeal was taken therefrom within 10 days, said action would become final; that on May 12th notice was duly published by said superintendents to the effect that district No. 67 joint had been abolished by attaching the same to district No. 11, Custer county. To this notice the name of Daisy M. Pratt was signed by defendant in error here, Geo. A. Meachem, Jr., and by himself as superintendent of Custer county. It is further shown that said Meachem was authorized by telephone to sign the name of said Pratt to said notice of dissolution and consolidation. Defendant demurred to the evidence, which was sustained, and the petition for writ of mandamus denied, and judgment rendered and entered accordingly, to reverse which this appeal is prosecuted.

The court did not err in refusing the writ. This for the reason that plaintiffs had an adequate remedy at law by appeal under section 2, art. 4, ch. 219, Sess. Laws 1913, which provides:

"If, in the alteration of, or refusal to alter, the boundaries of any joint school district, any person or persons shall feel aggrieved. such person or persons may appeal to the state superintendent of public instruction. and notice of such appeal shall be served on the superintendents of public instruction of the several counties represented in said district within ten days after the rendition by them of the decision appealed from."

No notice of appeal was ever served, and no appeal taken. Plaintiffs contend that no decision was rendered from which an appeal could have been taken. In this they are in error, for the reason that it is shown by the proceedings of said superintendents that notice was duly published that a hearing would be had on the petitions filed on April 25, 1910; and on April 26th notice was given that at said hearing district No. 67 joint was attached to district No. 11, and said district No. 67 abolished, which notice provided that if no appeal was taken therefrom within 10 days, as required by law, the action of the superintendents would become final, and on May 12th notice was duly published that district No. 67 had been abolished by attaching the same to district No. 11, Custer county, said district to be thereafter known as district No. 11 joint.

Affirmed.

All the Justices concur.